## PEARSON v. SOUTH.

1. **Evidence:** ORDER OF INTRODUCING: DISCRETION OF TRIAL COURT. It is within the discretion of the trial court to prescribe the order in which evidence shall be introduced, and under the peculiar facts of this case, (see opinion), *held* that the discretion of the court was very properly exercised.

2. **Practice:** TAKING CAUSE FROM JURY. Where there was nothing in the evidence admitted or offered on behalf of the plaintiff, upon which a verdict in his favor could possibly be based, it was proper for the court to take the cause from the jury and to render judgment for the defendant.

*Appeal from Harrison Circuit Court.*

MONDAY, JUNE 11.

ACTION for damages alleged to have been sustained by reason of a conspiracy. The plaintiff sold a cow to one Hickman. The defendant, South, claimed to be the owner of the cow, and brought an action in replevin against Hickman before a justice of the peace, one Work. The justice found that the cow belonged to South, and accordingly rendered judgment in his favor for its possession. Afterward a supposed appeal was taken by Hickman to the circuit court, but the appeal, on appellee's motion, was dismissed. Hickman then brought an action against this plaintiff for the value of the cow, and recovered. The plaintiff avers that Hickman, South and the justice of the peace conspired to defraud him, and he brings this action to recover of South the damages alleged to have been sustained. A jury was called, and, after the plaintiff had rested, the court took the case from the jury and rendered judgment for the defendant. The plaintiff appeals.

*S. I. King*, for appellant.

*E. P. Cadwell* and *L. Brown*, for appellee.

Pearson v. South:

ADAMS, J.—I. To enable the plaintiff to recover, it was necessary, among other things, to prove that he was the owner of the cow at the time of his sale to Hickman. The plaintiff accordingly offered himself as a witness in his own behalf, and offered to testify that he was such owner. This testimony was objected to by the defendant, on the ground that the ownership was immaterial, unless there was a conspiracy as alleged, and that the plaintiff should first show *prima facie* a conspiracy. The court sustained the objection, and its ruling in sustaining it is assigned as error. The plaintiff contends that it was not the right of the court to prescribe the order in which he should introduce his evidence. But if we should conclude that the court might properly enough have allowed the plaintiff to prove first that he was the owner of the cow at the time he sold it to Hickman, we should not be justified in reversing upon this ground. It is within the discretion of the trial court to prescribe the order in which evidence shall be introduced, and, in the absence of any proven prejudice to the appellant, or abuse of discretion by the court, we should not feel justified in reversing. Not only may the court exercise such discretion, but it would clearly be its duty to do so in a case like the present. The plaintiff had shown in his petition that there had been an adjudication against him in respect to the title to the cow. There had been two actions. The first was that of South against Hickman, and the second was that of Hickman against the plaintiff. In one or the other of these actions the plaintiff was concluded in regard to his title, unless the adjudication was procured by fraud. If, as the defendant claims, the plaintiff was notified of the first action, and appeared and made defense, he was concluded by the adjudication in that action, unless the adjudication was procured by fraud. If he was not thus notified, and did not appear, and did not become a party to the adjudication, he was not affected by it. When afterward Hickman sued him, his way to a successful defense, on the ground that he was in fact the

owner, was just as clearly open as if the first action had not been brought. The establishment that fraud was perpetrated by Cloud in the maintenance of his action was not simply a co-ordinate branch of the plaintiff's case in this action, but it lay at the very threshhold. The ruling of the court, therefore, it appears to us, was eminently proper. It is true that the objection made was that he should first show a *prima facie* conspiracy. He contends that it was not necessary to go so far, but that it was sufficient to show fraud, and so the objection made was not properly sustained. The plantiff's averment in his petition was that Cloud had been guilty of a conspiracy. Where evidence offered is in fact objectionable, and the objection made is predicated as closely as this is upon the averments of the party offering it, we cannot, we think, reverse because the objection was not made upon broader ground.

II. The plaintiff contends that there was some evidence tending to show the conspiracy as alleged. The plaintiff's argument upon this point is vague and unsatisfactory. He does not point out with any precision the evidence upon which he relies. We have accordingly examined all the evidence with reference to this point, and have to say that we discover no evidence having any tendency to show a conspiracy or fraud on the part of any one. We find evidence that South said, after the trial and before the appeal was taken, that the case should not go to court. This we are asked to say tended to show that Cloud fraudulently colluded with the justice to prevent an appeal, but it is manifest that we cannot properly say this. If, indeed, South had stated that he intended to fraudulently collude with the justice to prevent an appeal, it would not be evidence that he did thus collude. The honor and integrity of courts are not to be impugned by such statements. The plaintiff doubtless feels that he has been wronged. We can conceive that the evidence before the justice in regard to the ownership of the cow was conflicting, and that he credited certain evidence which the plaintiff dis-

credited, or conversely; and that the result of the trial, connected, it may be, with certain blunders pertaining to the appeal, have satisfied the plaintiff that the justice was dishonest. But his trouble is that the facts upon which he relies can have no significance, to any mind not in sympathy with his in regard to the injustice of the decision. We see nothing in the evidence admitted or offered upon which a verdict could possibly be based, and the judgment must be

AFFIRMED.